# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

GORDON-KAREN PROPERTIES, LLC

VERSUS

PARADIGM INVESTMENT GROUP,
LLC AND HLAR, LLC

---

In Re:    Paradigm  Investment  Group,  LLC,  applying  for
supervisory  writs,  22nd  Judicial  District  Court,
Parish of St. Tammany, No. 2018-15534.

---

**BEFORE: McDONALD, McCLENDON, THERIOT, HOLDRIDGE, AND PENZATO, JJ.**

**WRIT GRANTED.**  We find the trial court erred in denying Paradigm Investment Group, LLC's motion to vacate the court's previous judgment due to the fact that there are genuine issues of material fact and the fact that the defendant lacked the opportunity for adequate discovery prior to the granting of the motion for summary judgment.  Accordingly, we grant this writ application, reverse the trial court's November 9, 2020 judgment denying Paradigm Investment Group, LLC's motion to vacate its previous liability judgment, and grant same, vacating the trial court's October 14, 2019 judgment.  Nothing herein precludes the filing of a new motion for summary judgment if all of the requirements of La. Code Civ. P. art. 966 are met.

**GH**
**AHP**

**McClendon, J., concurs.**  When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La. Civ. Code art. 2046.  Moreover, each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.  La. Civ. Code art. 2050.  I find that the assignment clause within the lease agreement at issue in this matter provided for several instances wherein the tenant, Paradigm Investment Group, LLC, could assign the lease without its landlord's, Gordon-Karen Properties, LLC, consent.  One of those instances, as outlined in the assignment clause, was to an "Approved Franchisee."  If Paradigm Investment Group, LLC assigned its interest in the lease agreement in writing to an "Approved Franchisee" the lease agreement provided that Paradigm Investment Group, LLC would be relieved of liability under the lease as of the date of the assignment.  To be considered an "Approved Franchisee" the contract required a party to be an approved Hardee's franchisee with a greater or equal to net worth as the current tenant, (Paradigm Investment Group, LLC).  Although there appears to be no question as to the status of Paradigm Investment Group, LLC's assignee, HLaR, LLC, as a Hardee's franchisee at the time of the assignment, new evidence has been discovered of HLaR, LLC's net worth being greater than that of Paradigm Investment Group, LLC's on the date of the assignment, which directly impacts whether Paradigm Investment Group, LLC may be held liable under the lease provisions. Accordingly, I concur.

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

**McDonald and Theriot, JJ.**, dissent and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT